**The Law Office of Matthew T. Miklave**, PLLC

November 10, 2025

**By ECF**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: Moher v. Zip Co. US Inc., No. 25-cv-04576 (AS)

Dear Judge Subramanian:

This Firm represents Plaintiff James Moher in the above-captioned action. Pursuant to the Court's Individual Practices and Local Civil Rule 37.2, I write to request a discovery conference to address Defendant Zip Co. US Inc.'s ("Zip's") continued failure to comply with core discovery obligations.

Following repeated meet and confer sessions (including extensive discussions on October 16 and October 23, and extensive correspondence on these topics, including on October 25, November 5 and November 7), the undersigned believes the parties have reached an impasse in their discussions regarding Zip's responses to Mr. Moher's discovery requests.

Mr. Moher's complaint alleges that Zip breached its duty of good faith and fair dealing when it terminated him because (in whole or in part) it did not wish to pay him earned commissions, terminated him (in whole or in part) because of complaints about the absence of a commission pay plan, and otherwise breached its contract with him and New York law by failing to pay earned commissions.

To date, Zip has produced **11 documents** in response to Mr. Moher's discovery requests. Zip's defective discovery responses include, but are not limited to, the following:

- Zip has not produced documents necessary to verify the accuracy of commission payment calculations for deals attributed to Mr. Moher, how Zip calculates commissions, and whether Zip paid Mr. Moher all commissions due under his contract.

2 Belden Avenue
P.O. Box 2094
Norwalk, Connecticut 06852
(203) 434-4093

Email: Matt@Miklavelaw.com
www.Miklavelaw.com

Hon. Arun Subramanian
November 10, 2025
Page 2

- Zip has not produced information bearing on the reasons for Mr. Moher's selection for termination, including comparator data and decision-maker input. {Zip's interrogatory responses claim that a single employee made the decision to terminate Mr. Moher, without input or approval from anyone else working at Zip.)
- Zip has not produced any information regarding the number of employees terminated or any documents showing how other employees were selected for termination as part of the alleged restructuring in January 2025.
- Zip has not produced a signed verification for interrogatory answers by a corporate representative with adequate personal knowledge, pursuant to Fed. R. Civ. P. 33(b)(5). (The verification produced was signed by Zip's Deputy General Counsel upon "information and belief.")
- Zip has not produced a privileged document log (or indicated a date by which it would produce such a log), preventing Mr. Moher from assessing whether to challenge the assertions of privilege.

Despite Mr. Moher's repeated accommodations regarding timing, Zip's production remains incomplete and deficient. (Mr. Moher notes that on November 5, 2025, Zip's counsel asserted that Zip's production was "substantially complete.") Zip has not committed to a deadline for full substantive production and, it appears that in several instances Zip has declined to search for or produce materials, including those relevant to Mr. Moher's claims and necessary for expert analysis. Efforts to resolve these deficiencies without court intervention have reached an impasse.

Accordingly, Mr. Moher respectfully requests the Court's assistance in:

- Ordering Zip to promptly and fully respond to outstanding document requests and interrogatories, particularly as to commission calculations and termination rationale;
- Setting a firm deadline for substantial completion of document production;
- Clarifying that Zip must produce non-privileged responsive materials for all categories identified, and must identify any categories of information withheld, with appropriate privilege logs pursuant to Rule 26(b)(5);
- Scheduling an expert disclosure deadline at least 45 days after Zip's complete substantive production, consistent with parties' prior discussions.

Hon. Arun Subramanian
November 10, 2025
Page 3

Mr. Moher is prepared to summarize the parties' positions further at the Court's direction or to submit additional briefing if required.

Respectfully submitted,

Very truly yours,

**THE LAW OFFICE OF MATTHEW T. MIKLAVE, PLLC**

*Matt Miklave*
Matthew T. Miklave
Attorney-at-Law

MTM:mm

---

The motion to compel is DENIED. It appears that the defendant has produced most, if not all, of the information that plaintiff is seeking. It further appears that there are discovery issues in both directions that haven't been resolved. The parties are ordered to meet and confer using video-conferencing technology, with the video turned on, for no less than 30 minutes, to attempt to resolve all of their outstanding issues. The parties on both sides are reminded to be reasonable in terms of the discovery they are seeking, consistent with Fed. R. Civ. P. 26(b)(1), which limits discovery to information "that is relevant to any party's claim or defense **and proportional to the needs of the case,** considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." **After the parties' meet and confer, on or before November 26, 2025**, they should submit a single joint letter outlining any outstanding discovery issues and also indicating any revisions to the interim deadlines for discovery (some of which have passed, like the deadline for opening expert disclosures).

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 14, 2025