UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| James Moher, | |
| Plaintiff, | |
| -against- | 25-cv-4576 (AS) |
| Zip Co. US Inc., | ORDER |
| Defendant. | |

ARUN SUBRAMANIAN, United States District Judge:

The Court is in receipt of the parties' joint letter regarding the meet-and-confer videoconference.

With respect to the issues that the letter states are outstanding:

1. The Court does not weigh in on the issues raised by plaintiff regarding the revenue and commission data or the basis for terminating several employees. It appears that the issues are raised only to "memorialize" a deadline and advise the Court of a potential future dispute. The parties should continue to meet and confer in good faith, and should not include discovery issues in submissions to the Court unless there is a need for a ruling.
2. The Court adopts the parties' proposed revisions to the case management schedule:
   a. Service of Supplemental Discovery due December 1, 2025
   b. Responses to Supplemental Discovery due December 30, 2025
   c. Subpoenas to non-parties due February 15, 2026
   d. Rule 30(b)(6) depositions complete on February 15, 2026
   e. Close of fact discovery March 15, 2026
   f. Expert disclosure due March 15, 2026
   g. Rebuttal expert disclosures due April 1, 2026
   h. Requests to admit due February 16, 2026
3. The Court orders any summary judgment motions to be filed on the following schedule:
   a. Motions due April 15, 2026
   b. Oppositions due April 29, 2026
   c. Replies due May 6, 2026
4. The deadline for 30(b)(6) deposition notices appears to be the final remaining issue in dispute. The Court understands plaintiff's desire to be able to respond to defendant's supplemental discovery responses and defendant's desire not to have open-ended, shifting

discovery. The Court orders that plaintiff is to serve all notices that can reasonably be anticipated based on its current knowledge by December 5, 2025. Should defendant's supplemental discovery responses lead to additional matters that could not have been anticipated, plaintiff may supplement the 30(b)(6) notices by January 10, 2026. Should the supplement be inappropriate—either because it covers matters that plaintiff should have anticipated or because it is not proportional to the needs of the case—defendant can object at that time.

SO ORDERED.

Dated: December 1, 2025
    New York, New York

ARUN SUBRAMANIAN
United States District Judge